# Decisions of the Supreme Court of Missouri,

---

## GREEN v. M'GIRK.

Upon issue joined, whether A. could have procured a title from the United States to a certain tract of land, located by him, by virtue of a New Madrid certificate—held, that a patent and certificate of survey to B. for the same tract, is not admissible evidence.

PETTIBONE, J., delivered the opinion of the Court.

The defendant in error recovered a judgment in the Court below, on a covenant to convey a certain lot in the town of Bluffton; the conveyance to be made so soon as the purchase money should be paid, or the covenanter should be able to obtain a patent for the land from the United States; the same having been located by him, by virtue of a New Madrid certificate. The declaration contained an averment, that the purchase money had been paid, and that defendant, in the Court below, could have procured a title from the United States, &c., but had neglected, though often requested, &c. The defendant pleaded, that he could not have procured a title from the United States, &c.; upon which plea, issue was joined. After the plaintiff had gone through with his evidence, the defendant offered in evidence, to support his plea, a patent, in the name of Robert Lane, and a certificate of survey, which were objected to by the (499) plaintiff, and excluded by the Court. The patent is not set out in the bill of exceptions, nor does it appear when it issued, or whether Green attempted to derive a title under it. At all events, it was improper evidence under the issue, and was properly rejected. If issued before the commencement of the suit, and Green could derive a title under it, he falsified his own plea, and himself showed, that he could procure a title, and was, therefore, bound to convey the land to M'Girk, in fulfillment of his covenant. If he had no title from Lane, he showed it was out of his power

**30***

to comply with his covenant, and that the recovery was right. M'Girk was not bound to wait for Green to purchase in a new title, but merely to give him an oppor-tunity to perfect his old one. The evidence offered did not comport with the allega-. tions of the plea. No errors have been assigned, and looking into the record, we find no errors to reverse the judgment.

The judgment of the Court below must be affirmed, with costs, with four per cent. damages.